UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALI MOORE,<br><br>                    Plaintiff,<br><br>-against-<br><br>CITY OF BALTIMORE, et al.,<br><br>                    Defendants. | 25-CV-3394 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Baltimore, Maryland, brings this action *pro se*. Plaintiff asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, the Racketeer Influenced and Corrupt Organizations Act (RICO), and the Federal Tort Claims Act (FTCA). He alleges that his claims arise from an interaction with an unknown woman in Maryland on April 21, 2023, who appeared to be engaged in a "covert vetting process." (ECF 1 at 15, ¶ 4.) For the following reasons, this action is transferred to the United States District Court for the District of Maryland.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff names defendants who are federal officials. Venue for a civil action against a federal officer or agency lies:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Plaintiff also asserts claims under federal statutes that have specific venue provisions. Plaintiff brings claims under the RICO Act, which includes a venue provision, 18 U.S.C. § 1965(a). Civil RICO Act claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Venue for a RICO Act claim thus generally lies where a defendant resides or transacts affairs. Plaintiff also asserts claims under the FTCA (ECF 3), which must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Plaintiff resides in Maryland, and he brings claims arising out of events on April 21, 2023, in Maryland. He sues the City of Baltimore and federal agencies and current or former federal officials. Plaintiff also names the New York City Police Department (NYPD) and "New York City Police Officer Does," but he does not allege any facts in the body of the complaint about the actions of these defendants or allege facts about anything that occurred in this district.[1] The District of Maryland, where Plaintiff and some Defendants reside, and where the claims arose, is a district where venue is proper for all of Plaintiff's claims. Accordingly, the Court

---

[1] Plaintiff has a pending action against officers of the NYPD. *See Moore v. City of New York*, No. 24-CV-06635 (LTS) (S.D.N.Y.). Moreover, the NYPD lacks the capacity to be sued in the name of the agency. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City.").

transfers this action to the United States District Court for the District of Maryland. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Maryland. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court, and this order closes the case in this Court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2025
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge

---

[2] Plaintiff has not prepaid the filing fees or applied to proceed *in forma pauperis*.

3